UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 08-21-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEONARD LAWSON, CHARLES WILLIAM NIGHBERT and BRIAN RUSSELL BILLINGS, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Defendant Charles William Nighbert ("Nighbert") has moved to dismiss Count Six of the Indictment, arguing that the conspiracy charge against him is legally insufficient. [Record No. 124][1] The United States asserts that Nighbert committed an overt act in furtherance of the conspiracy and, as a result, the Defendant's motion should be denied. [Record Nos. 168, 143]

**I.   Background**

As noted in prior orders, on January 2008, the Office of the Inspector General ("OIG") of the Kentucky Transportation Cabinet ("KTC") commenced an investigation concerning allegations that Nighbert, along with co-Defendants Brian Russell Billings ("Billings") and Leonard Lawson ("Lawson"), had conspired to leak engineering estimates and rig the bids on highway project contracts. At the time, Billings was employed by a road construction company

---

[1] By agreement, the Defendant's motion to dismiss Count 6 relates to the original and superseding Indictment.

owned and operated by Lawson, while Nighbert had previously served as Secretary of the KTC. The following month, the FBI, in conjunction with state authorities, began an investigation involving many of the same allegations that the OIG had investigated. In March 2008, James Rummage ("Rummage"), an executive with the KTC, retained legal counsel and admitted to the FBI that he had given KTC engineer estimates to Lawson at the direction of Nighbert and, in turn, received cash from Lawson. It is alleged that Rummage then began to cooperate with the FBI by providing information about, and recording conversations with, the Defendants. Generally, these conversations concerned Rummage's decision to testify before the grand jury and his choice of counsel.

On September 3, 2008, the United States charged all three Defendants with various crimes in an eight-count Indictment. Count 6 charges Nighbert and his co-Defendants with conspiring to influence Rummage's testimony before a federal grand jury and attempting to persuade Rummage not to cooperate with federal law enforcement officials, all in violation of Title 18 of the United States Code, §§ 371, 1503, and 1512. In support of this charge, the Indictment states that, on or about January 25, 2008, Nighbert met with Rummage and instructed him to falsely tell the OIG that Rummage had obtained the engineer estimates solely for the use of determining the economic feasibility of the project. [Record No. 246] Thereafter, Lawson spoke with Rummage on or about March 12, 2008, stating that Nighbert "would not capitulate" in his support as to Rummage's original story to the FBI. Lawson and Billings are alleged to have spoken with Rummage on numerous occasions, attempting to persuade him to refuse

cooperation with the FBI and switch counsel.  Nighbert now contends that these facts alone do not establish the conspiracy charge against him.

## II.   Discussion

An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. PRO. 7(c)(1).  Further, the count need not allege the means by which the defendant committed the offense.  *Id*.  Two factors govern an inquiry into the sufficiency of an indictment: "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *see also United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997).  An indictment is usually sufficient "if it states the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *Monus*, 128 F.3d 388.

Nighbert argues that his alleged January 25, 2008, meeting with Rummage is insufficient to support a charge of witness tampering, obstructing justice, or conspiracy to commit either offense.  Specifically, he argues that this meeting – the only alleged direct contact with Rummage on his part – occurred before the commencement of the federal investigation in February 2008.  [Record No. 246]  In support, he points out that the charges of witness tampering and obstructing justice require the existence of a federal judicial proceeding or federal investigation, occurring at the time of the alleged violation.  18 U.S.C. §§ 1503, 1512.  Nighbert's argument is unpersuasive.

It is well-settled that a defendant's connection to a conspiracy "need only be slight." *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997). Based on the flexible definition of conspiracy, "even when proof of an overt act is required – as is the case for conviction under 18 U.S.C. § 371 – that burden is satisfied by proof that at least one of the alleged overt acts was committed by any one of the coconspirators." *United States v. Conatser*, 514 F.3d 508, 519 (6th Cir. 2008). Here, Nighbert may be correct in asserting that his meeting with Rummage before the investigation began does not satisfy the "overt act" required for conspiracy to commit witness tampering or to obstruct justice. However, the overt acts attributed to Lawson and Billings, as discussed in the Court's earlier opinion addressing the Defendants' motion to dismiss Counts 6 through 8 [Record No. 263], do satisfy the statutory requirements for those two offenses.[2] These overt acts can be imputed to Nighbert as long as the Indictment alleges that he had a relationship with Lawson and Billings. *See Conatser*, 514 F.3d at 518 ("Just as the conspiracy may be inferred from circumstantial evidence, a defendant's knowledge of and participation in a conspiracy also may be inferred from his conduct and established by circumstantial evidence.").

Here, the Indictment alleges a relationship between the three Defendants. In addition to the relationship alleged as the background for Counts 1 through 4, the Indictment also states that in a subsequent conversation between Lawson and Rummage, Lawson reassured Rummage that Nighbert "would not capitulate." [Record No. 246] These facts, coupled with Nighbert's alleged meeting with Rummage, provide evidence that Nighbert wanted Rummage to stick with

---

[2] The Court incorporates the analysis from this earlier opinion [Record No. 263] to the extent that it addresses the arguments raised in the current motion.

a certain interpretation of events and that Nighbert was in communication with Lawson and Billings. The evidence may not be overwhelming, but it is sufficient to establish the charge of conspiracy to commit witness tampering and obstruction of justice. *See United States v. Price*, 258 F.3d 539, 545 (6th Cir. 2001) ("[A] defendant can be connected to a conspiracy through evidence about his interactions with another coconspirator, . . . as long as there was evidence to connect the . . . coconspirator to the conspiracy.").

### III. Conclusion

Having reviewed the Indictment and the parties' arguments, the Court finds that Count 6 alleges sufficient facts to charge Defendant Nighbert with conspiring to violate 18 U.S.C. §§ 1503 and 1512. Accordingly, it is hereby

**ORDERED** that the motion to dismiss Count 6 of the original and superseding Indictment [Record No. 124] is **DENIED**.

This 17th day of February, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge