UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                    **OPINION & ORDER**

LEONARD LAWSON,
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                                                    DEFENDANTS

* * * * * * * * * * *

Currently before the Court are the motions of the defendant, Charles William "Bill" Nighbert, to continue the trial date [DE #562] and to sever his trial from the trial of the defendant, Leonard Lawson [DE #563].  In support of his motion to continue the trial, Nighbert asks for a short continuation in order to revise trial strategy, identify new trial exhibits and to locate and prepare witnesses.  Nighbert also notes that additional time may be necessary to allow for the submission of juror questionnaires to potential jurors.

The Court, having considered Nighbert's request for a continuation, will deny the motion. The Court has set this matter for trial on January 11, 2010, and any continuation of the trial date will have a significant impact on the Court's calendar not justified by the reasons set forth in the motion. As the Court noted at the pretrial conference on December 11, 2009, the defendants have had adequate time to prepare for trial.  Moreover, the juror questionnaires have already been submitted

1

to the jury panel, and the Clerk's Office is preparing to distribute the questionnaires to counsel.

The Court has also considered Nighbert's request for a severance. While the Court has previously ordered that trial of the defendant, Brian Russell Billings, be severed from the trial of Lawson and Nighbert, the same reasoning does not apply as to Nighbert. Based on the Court's finding that the United States failed to establish by a preponderance of the evidence that Billings was a member of any conspiracy, the Court held that a severance was necessary as to Billings, in part, because the statements of Lawson, Nighbert, and Rummage would not be admissible against him under the coconspirator exception to the hearsay rule, thereby resulting in a "substantial risk that the jury would be unable to compartmentalize the evidence as between the defendants even if limiting instructions were given" [DE #509]. The same risk does not apply to Nighbert.

Nighbert's motion to sever is based on the assumption that the Billings/Rummage recordings are not admissible against him. He argues that the Court should follow Judge Reeves' previous rulings that a severance as to Nighbert was necessary due to the possibility that none of Billings' recordings would be admissible against Nighbert, resulting in substantial prejudice that could not be cured by limiting instructions. However, Judge Reeves' previous orders were based on the previous indictment which charged two separate conspiracies and which were entered before this Court conducted the *Enright* hearing and made specific findings as to admissibility of evidence. Additionally, as explained in a separate Opinion & Order entered contemporaneously, this Court has concluded that Billings' communications to Rummage, as an agent of Lawson, are admissible against all the members of the conspiracy, including Nighbert.  As a result, the reasons for the severance of Billings do not arise in the joint trial of Lawson and Nighbert. Inasmuch as the law clearly allows a joint trial of coconspirators, *United States v. Beverly*, 369 F.3d 516, 533-34 (6th Cir.

2

2004), and there is no substantial prejudice to Nighbert resulting from a joint trial, Nighbert's motion to sever will be denied.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)     Nighbert's motion to continue the trial [DE #562] is **DENIED**; and

(2)     Nighbert's motion to sever [DE #563] is **DENIED**.

This December 16, 2009.

Signed By:

*__Karl S. Forester__*   $KSF$

**United States Senior Judge**