UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                             **OPINION & ORDER**

LEONARD LAWSON,
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                            DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion in limine of the defendant, Charles William "Bill" Nighbert, to prohibit the Government from: (1) introducing evidence that Nighbert was indicted in the merit hiring scandal; (2) introducing evidence that he was pardoned by Governor Fletcher; or (3) alluding to either fact in any manner. During his tenure in the Kentucky Department of Transportation, Nighbert and others were accused of wrongdoing relating to the hiring and termination of certain state government employees. This became known as the merit system investigation. Many officials, including Nighbert, were subsequently indicted on misdemeanor charges and later pardoned by Governor Fletcher.

Both Rummage and Duncan were listed on the so-called "hit list" which played a role in the merit system investigation. Duncan was in fact terminated by Nighbert. He ultimately brought a lawsuit for damages against Nighbert in his personal capacity, alleging that he had been treated improperly. The lawsuit was ultimately settled, and Duncan was restored to his position as an OIG inspector. Just sixteen days after the settlement, Duncan took part in the OIG interview of Rummage and others relating to Nighbert and the engineers' estimates that are the subject of this prosecution.

The defendants intend to cross examine Rummage and Duncan about their potential bias against Nighbert stemming from their potential or actual termination by him. While this is indeed proper impeachment evidence, the Court agrees with Nighbert that this does not "open the door" to a discussion of the merit system investigation, the misdemeanor indictments of Nighbert or other officials, or the pardons by Governor Fletcher. As Nighbert points out, the doctrine of "opening the door" only applies when one party has injected a false impression into the case and allows the other party an opportunity for a fair response. *United States v. Segines*, 17 F.3d 847, 856 (6th Cir. 1994). Allowing the Government to introduce evidence of Nighbert's indictment and/or pardon would not correct any false impression, but rather divert the case into a lengthy side issue and result in undue prejudice to Nighbert.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that Nighbert's motion in limine [DE #595] to prohibit the Government from introducing evidence that Nighbert was indicted in the merit system investigation, that he was pardoned by Governor Fletcher, or alluding to either fact in any manner is **GRANTED**.

This 8th day of January, 2009.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**